IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| HERSCHEL and MONA ZARECOR, ET AL., | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | No. 4:11CV824 SWW |
| MORGAN KEEGAN & CO., INC., | * * | |
| Defendant. | * | |

**Memorandum and Order**

This matter comes before the Court upon defendant's motion to stay. Plaintiffs responded in opposition to the motion, and defendant filed a reply to the response. For the reasons stated below, the motion is granted.

Plaintiffs filed suit alleging defendant violated the Arkansas and New Jersey Securities Act in connection with their investment in funds sold and managed by defendant. On February 12, 2009, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing a multi-district litigation ("MDL") proceeding in the Western District of Tennessee. *See In re Regions Morgan Keegan Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litig.*, 598 F.Supp.2d 1379 (J.P.M.L. 2009). Defendant asserts that the case before this Court involves the same questions of fact as the cases previously transferred by the JPML, and that defendant filed a notice of potential tag-along seeking transfer to the MDL on December 19, 2011. The JPML conditionally ordered transfer of this case on December 21, 2011, and defendant argues this Court should stay all proceedings pending MDL transfer. Plaintiffs oppose any stay of this action and argue here as well as to the MDL panel that the case should not be transferred to the Western District of Tennessee. They argue most of the discovery in this case has been completed, the claims involve only New

Jersey and Arkansas law, and they will suffer serious prejudice if this action is stayed even temporarily because they need the retirement money they lost from their investment with defendant.

A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). This power requires a court to exercise its "judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation, *see Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D.Cal.1997), but "[i]t is common practice for courts to stay an action pending a transfer decision by the [JPML]," in order to increase efficiency and consistency. *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at *1 (S.D.Fla. 2007). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Rivers,* 980 F.Supp. at 1360.

The Court finds that judicial economy weighs in favor of granting the requested stay. The Court further finds that while plaintiffs might well be subjected to some delay as a result of the issuance of a temporary stay, that prejudice does not outweigh the judicial economy interests.

IT IS THEREFORE ORDERED that defendant's motion for temporary stay [docket entry 8] is granted. All proceedings in this action are stayed pending a transfer decision by the JPML on whether to transfer this action for coordinated and/or consolidated pretrial proceedings to the United States District Court for the Western District of Tennessee.

SO ORDERED this 9th day of January, 2012.

/s/Susan Webber Wright  
UNITED STATES DISTRICT JUDGE