**RECEIVED**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

APR 17 2012

CLERK, U.S. DIST. COURT
WESTERN DIST. OF TENN

IN RE: REGIONS MORGAN KEEGAN
SECURITIES, DERIVATIVE AND EMPLOYEE
RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION

Herschel Zarecor, III, et al. v. Morgan Keegan & Co., Inc., )
E.D. Arkansas, No. 4:11-cv-00824 ) MDL No. 2009

**TRANSFER ORDER**

Before the Panel* Pursuant to Panel Rule 7.1, plaintiffs in an action pending in the Eastern District of Arkansas (*Zarecor*) move to vacate our order that conditionally transferred their action to MDL No. 2009. Defendant Morgan Keegan & Co., Inc. (Morgan Keegan) opposes the motion.

After considering all arguments of counsel, we find that *Zarecor* involves common questions of fact with the actions previously transferred to MDL No. 2009, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order of centralization in this docket. In that order, we held that the Western District of Tennessee was a proper Section 1407 forum for actions brought by investors in various Morgan Keegan proprietary investment funds who allege that the funds experienced steep declines in value as a result of over-concentration in (1) certain types of securities (such as mortgage-backed securities and asset-backed securities), and (2) thinly traded, illiquid and complex securities or securities for which there was no readily available market pricing. Specifically, the actions shared allegations regarding, *inter alia*, whether defendants mismanaged, misrepresented, and omitted material facts regarding the nature, value, risk profile and investment practices concerning one or more of the funds. *See In re Regions Morgan Keegan Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1379 (J.P.M.L. 2009). *Zarecor* contains allegations that plaintiffs sustained losses from investment in certain Morgan Keegan proprietary investment funds at issue in MDL No. 2009, which allegedly experienced losses as a result of being overly concentrated in certain illiquid or high risk assets, and thus clearly falls within the MDL's ambit.

Movants argue that, *inter alia*, transfer of their action is unnecessary in light of the discovery already undertaken and because transfer would inconvenience the plaintiffs who are of an advanced age. We respectfully disagree. All actions arise from similar factual allegations as those found in the previously centralized actions – i.e., that plaintiffs suffered steep losses on investments in various Morgan Keegan proprietary investment funds. Transfer places all related actions before a single judge who is familiar with the merits of the litigation who can: (1) allow discovery with respect to any

---

* Judge John G. Heyburn II did not participate in the decision of this matter.

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY /s/
DEPUTY CLERK

- 2 -

individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

While we are sympathetic to arguments regarding the advanced age of the plaintiffs and the related need for quick resolution of the claims that these plaintiffs have brought, such arguments are best addressed by the transferee judge. If the transferee judge is of the opinion that *Zarecor* (or any other transferred action) is either sufficiently advanced and ready for trial or, for other reasons, will no longer benefit from inclusion in the centralized proceedings, then we encourage him to promptly suggest that the Panel remand such action to the transferor court. *See* Rule 10.1(b), R.P.J.P.M.L.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable Samuel H. Mays, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.   Barbara S. Jones
Paul J. Barbadoro        Marjorie O. Rendell
Charles R. Breyer