A TRUE COPY CERTIFIED ON
06/10/2013
Thomas M. Gould, Clerk of Court
U.S. District Court
Western District of Tennessee

By: /s/ 

Rita M. Pomtree, Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: REGIONS MORGAN KEEGAN SECURITIES,
DERIVATIVE AND EMPLOYEE RETIREMENT
INCOME SECURITY ACT (ERISA) LITIGATION
Herschel Zarecor, III, et al. v. Morgan Keegan & Co., Inc., )
    W.D. Tennessee, C.A. No. 2:12-cv-2341    )    MDL No. 2009
    (E.D. Arkansas, C.A. No. 4:11-cv-00824)    )

**REMAND ORDER**

    **Before the Panel**: Pursuant to Panel Rule 10.2, defendant Morgan Keegan & Co., Inc. (Morgan Keegan) moves to vacate our order that conditionally remanded a transferred action (*Zarecor*) to the Eastern District of Arkansas, its transferor court. Plaintiffs in the action oppose the motion.

    Plaintiffs invested in certain Morgan Keegan closed-end, structured finance funds. We originally transferred this state law securities action to MDL No. 2009, over plaintiffs' objections, in April 2012. Shortly after transfer, plaintiffs contended that no further discovery is needed and moved to return the action to its transferor court. On February 28, 2013, the transferee judge denied plaintiffs' motion to transfer, citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34-35 (1998), but issued a suggestion of Section 1407 remand for the action.

    Morgan Keegan opposes Section 1407 remand arguing, *inter alia*, that it was not served with the papers that led to the issuance of the suggestion of remand, that some pretrial work remains to be completed in this case, and that any remaining pretrial matters would be most efficiently and conveniently handled in the transferee court. After considering all argument of counsel, we find that remand of this action is appropriate, given that the transferee judge has determined that retention of this action would not serve the purposes of Section 1407.

    In considering the question of remand, the Panel consistently gives great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F.Supp. 254, 256 (J.P.M.L.1976). The transferee judge's suggestion of remand obviously indicates that he perceives his role under Section 1407 to have ended. *See In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975); *In re Holiday Magic Securities and Antitrust Litig.*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977). Here, the transferee judge issued his suggestion of remand, stating in part that "[b]ecause no further discovery is needed and the case is ready for trial, good cause exists to remand the Plaintiffs' case to the Eastern District of Arkansas." Morgan Keegan sought reconsideration of the transferee court's order, making arguments substantially similar to those it

- 2 -

makes now in opposition to Section 1407 remand; however, Judge Samuel H. Mays, Jr., denied Morgan Keegan's motion to reconsider on May 28, 2013. We are not inclined to disagree with the transferee judge's assessment of this transferred action in these circumstances.

If, as Morgan Keegan speculates, further discovery or motion practice is deemed necessary by the transferor court, then we encourage the parties and the involved courts to employ various cooperative efforts which may minimize the risk of duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is remanded to the Eastern District of Arkansas.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |